IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANANDHI MURTHY, M.D.,

    Plaintiff,

v.                                         Civil Action No. 5:07CV46
                                               (JUDGE STAMP)

WOODBROOK CASUALTY INSURANCE, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### I. Introduction

A.    Background.

Plaintiff is a physician who performed surgery on a patient, Ms. Roberts, related to gastroesophageal reflux disease. The patient filed a medical malpractice action against Plaintiff. Defendant was Plaintiff's professional liability insurer. The professional liability policy had limits of one million dollars. As trial approached, Plaintiff, by counsel, demanded that Defendant settle Ms. Roberts' action within the policy limits if given an opportunity, a practice commonly known as a Shamblin letter. Defendant had an opportunity to settle within the policy limits and refused. A verdict in excess of the policy limits was returned by the jury. Defendant paid the entire verdict which was in excess of five million dollars. Plaintiff filed this action in the Circuit Court of Wetzel County, West Virginia, against Defendant alleging breach of implied covenant of good faith and fair dealing commonly called a Shamblin claim and statutory bad faith under West Virginia Unfair Trade Practices Act in W. Va. Code 33-11-1, et seq. The action was removed to this court by

Defendant. Plaintiff filed a motion to compel discovery related to interrogatories she alleges were not fully and completely answered.

    B.    <u>The Motion</u>.

Plaintiff's Motion to Compel Discovery.[1]

    C.    <u>Decision</u>.

Plaintiff's motion to compel discovery is **DENIED** because, while the motion is timely, Defendant has disclosed all the first party bad faith actions and third party bad faith actions are not relevant to this first party claim.

## II. Facts

On November 16, 2007, Plaintiff served the following interrogatory on Plaintiff:

> "INTERROGATORY NO. 1: Please identify by Circuit Court, style of case, case number and plaintiff's counsel, any and all civil actions filed against Medical Assurance of West Virginia, Inc., in any West Virginia state or federal court wherein it was alleged (by a person who had previously made a claim against a Medical Assurance of West Virginia, Inc. insured) that Medical Assurance of West Virginia, Inc. or Woodbrook Casualty Insurance, Inc. committed acts or omissions violative of W. Va. Code, 33-11-4 (9) in the handling of the claim asserted against an insured healthcare provider from January 1, 1997 to present."

Defendant filed its response on December 17, 2007 and objected saying:

> RESPONSE: OBJECTION. This Interrogatory is duplicative of Interrogatory No. 1 (Set I) which stated, "Please provide the following information with respect to each and every claim, complaint, or lawsuit (in whatever form, and wherever filed) against Medical Assurance of West Virginia and/or Woodbrook from January 1, 1997 to present wherein it is alleged that Medical

---

[1] Doc. No. 28.

Assurance of West Virginia and/or Woodbrook committed acts or omissions violative of W. Va. Code, 33-11-4(9): a. the name and address of each complainant; b. the name and address of each complainant's attorney; c. the agency or name of the court in which said complaint was filed (and any civil action number assigned thereto); d. the date said complaint was filed; and e. the status of said complaint, including, whether or not said claim, suit, or complaint has been resolved," and to which the defendant served its response on July 31, 2007, to which no timely objection was made. Moreover, as stated in response to Interrogatory No. 1, "The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such Request is contrary to the decision of the Supreme Court of Appeals of West Virginia in *State Farm Mutual Auto. Ins. Co. v. Stephens*, 188 W. Va. 622, 425 S.E. 2d 577 (1992). Finally, the Defendant attaches as Exhibit F the only civil complaints filed against Medical Assurance and/or Woodbrook in the past five (5) years involving a similar claim of failure to settle within policy limits by a policyholder."

Counsel conferred and when the dispute was not resolved Plaintiff filed the motion to compel on January 3, 2008.

### III. The Motion

A. Contentions of the Parties.

Plaintiff contends the motion is timely because it was filed within thirty days of when the discovery response was due. Plaintiff contends that third party bad faith claims against Defendant are relevant to this action because Plaintiff must prove a general business practice under the unfair claims settlement practices act and whether an insurer wrongfully denies a first party claim or a third party claim it is the wrongful denial of any claim that is the general business practice which the statute prohibits.

Defendant contends that the motion is untimely because the information sought is the same information plaintiff requested in earlier discovery. Defendant contends that only first party

bad faith claims are relevant to Plaintiff's burden to prove a general business practice under the Unfair Claims Settlement Practices Act.

B. Discussion.

1. Timeliness. Defendant contends the interrogatory is untimely because it is duplicative of a similar interrogatory filed in Set I. Defendant provided no case authority to support that position and I could find none. The Local Rules provide that a motion to compel is waived if not filed within thirty days of the response being due. L.R.Civ. P. 37.02(a)(3). The response was due December 19, 2007 (30 days plus three days for service Fed.R.Civ. P. 6(c)). Therefore, the motion to compel must have been filed by January 18, 2008 to be timely under the Local Rule. The motion to compel was filed January 3, 2008. It is Defendant's burden to provide authority to support its objection. In the absence of any authority to support Defendant's position and the fact that the motion was timely under the Local Rule, the motion is timely.

2. Scope of Discovery. Parties may obtain discovery of any matter, not privileged, that is relevant to a claim or defense of any party. Fed.R.Civ.P. 26(b). The general rule is not whether the matter is admissible but rather whether it is reasonably calculated to lead to the discovery of admissible evidence. Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992). Here, Defendant has provided all first party bad faith claims against it. Plaintiff seeks all bad faith claims filed against Defendant of any kind. Plaintiff contends third party bad faith claims are likely to lead to the discovery of admissible evidence. The basis for Plaintiff's contention is that the element she must prove under the unfair settlement claims practices Act is a general business practice. Therefore, Plaintiff contends any claim, first or third party, goes to the general business practice issue. It seems to the court that the elements of proof are different in first and third party

4

bad faith claims. Therefore, what actions Defendant took in third party claims is not relevant to the issue of general business practice in first party claims.

    C.    <u>Decision</u>.

For the foregoing reasons, the timely motion to compel is **<u>DENIED</u>**. This motion was that rarest of endangered species, a legitimate discovery dispute. Reasonable expenses are not appropriate.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Order, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 6, 2008

                                            */s/ James E. Seibert*
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE